UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVOR O'BRIEN,

    Plaintiff,

v.

SHAWN BREWER,

    Defendant.
_____/

Case No. 24-cv-10541

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER
(1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S MARCH 6, 2025 REPORT & RECOMMENDATION (ECF No. 22);
(2) OVERRULING DEFENDANT'S OBJECTIONS TO THE SAME (ECF No. 26); AND
(3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)**

The plaintiff in this prisoner civil-rights action claims that the defendant, a prison official, failed to protect him from a sexual assault in violation of his Eighth Amendment rights. The defendant moved for summary judgment, and a magistrate judge issued a report and recommendation that concludes the defendant's motion should be denied. The defendant objects, and the Court agrees with the magistrate judge on different grounds than those articulated in the report and recommendation. The Court accordingly shall partially adopt the report and recommendation, overrule the defendant's objections to the same, and deny the defendant's motion for summary judgment.

**BACKGROUND**

*Pro se* Plaintiff Trevor O'Brien was incarcerated at the Parnell Correctional Facility ("SMT") in Michigan at all times relevant to this action. O'Brien alleges he was sexually assaulted by an SMT inmate on June 16, 2023, and that SMT's warden, Shawn Brewer, was deliberately indifferent to the risk such an assault would occur. O'Brien's allegations track what

1

an inmate must plead to bring an Eighth Amendment failure-to-protect claim under 42 U.S.C. § 1983, and Brewer never moved to dismiss. *See Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) ("[T]o establish liability under the Eighth Amendment for a prison official's failure to protect her, an inmate must demonstrate that the official was deliberately indifferent 'to a substantial risk of serious harm' to the inmate." (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994))). The Court accordingly presumes that O'Brien pleads such a claim here.

O'Brien attached a document to his complaint that shows he reported the June 16, 2023, sexual assault to SMT staff. The document contains signatures for O'Brien and a prison official dated December 14, 2023, and states as follows: "A thorough investigation into your complaint was completed on 09/28/2023. The investigation found SUFFICIENT EVIDENCE to support that the alleged sexual abuse or sexual harassment occurred. PREA-related finding: Substantiated." (ECF No. 1, PageID.5).

Brewer later moved for summary judgment and argued O'Brien failed to exhaust his claim under the Prisoner Ligation Reform Act ("PLRA").[1] That statute prohibits inmates from bringing a § 1983 claim against prison officials unless the inmate exhausted all available administrative remedies held out by the prison. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement works like an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), so a defendant–prison official must prove that the plaintiff-inmate failed to exhaust available administrative remedies to prevail on a PLRA defense.

In support of his summary-judgment motion, Brewer offered a copy of Michigan Department of Corrections Policy Directive 03.02.130 ("Grievance Policy"). (ECF No. 18-2). The Grievance Policy applied to SMT inmates at the relevant time, and it states that inmates

---

[1] O'Brien did not respond to Brewer's summary-judgment motion.

2

must complete a three-step grievance procedure to exhaust all available administrative remedies for complaints against SMT staff. Brewer also offered proofs showing that O'Brien had not completed the Grievance Policy's three-step procedure for his claim against Brewer. (ECF No. 18-3). Brewer accordingly concluded that the PLRA bars this action.

As relevant here, the Grievance Policy also articulates a sexual-abuse exception to its three-step procedure. Specifically, the Policy states that "[g]rievances filed regarding sexual abuse . . . shall not be processed as grievances under this policy but shall be reported in accordance with [Policy Directive] 03.03.140." (ECF No. 18-2, PageID.71). And Brewer did not offer a copy of Policy Directive 03.03.140 ("Sexual Abuse Policy") or any proofs explaining what a grievance "regarding sexual abuse" is.

The Court assigned Brewer's summary-judgment motion to Magistrate Judge Patricia Morris, and she issued a report and recommendation ("R&R") that concludes Brewer is not entitled to summary judgment. (ECF No. 22). According to the R&R, Brewer's motion presents two issues: (1) whether "O'Brien [must] have pursued his claim through the normal, three-step grievance process" prescribed by the Grievance Policy; and (2) if so, whether "Brewer me[ets] his burden in showing that no reasonable factfinder could doubt that O'Brien failed to exhaust this three-step procedure." (*Id.* at 92).

With respect to the first issue, the R&R notes that this Court addressed the Grievance Policy in *Perkins v. Johnson*, No. 23-11530, 2024 WL 4481462 (E.D. Mich. Aug. 13, 2024) (report and recommendation), *adopted by* 2024 WL 4039736 (E.D. Mich. Sept. 4, 2024). There, Michigan prison officials sought summary judgment under the PLRA on a Michigan inmate's claim that they had failed to protect him from a sexual assault. *Id.* at *1. According to the officials, the PLRA barred the inmate's claim because he had not exhausted it under the

3

Grievance Policy's three-step procedure. *Id.* at *4. The inmate responded that the Grievance Policy was irrelevant because the sexual-abuse exception would have applied to a grievance detailing his claim. *Id.* at *5. The *Perkins* court examined a version of the Sexual Abuse Policy and rejected the inmate's argument. *Id.* The *Perkins* court accordingly issued summary judgment for the officials because the record showed that the inmate had not exhausted his claim under the Grievance Policy's three-step procedure. *Id.*

The R&R next opines that this Court drew a different conclusion in *Jablonski v. Obleton*, No. 23-13097, 2024 WL 4719481 (E.D. Mich. July 22, 2024) (report and recommendation), *adopted by* 2024 WL 4381254 (E.D. Mich. Oct. 3, 2024). There, as in *Perkins*, a Michigan inmate alleged that Michigan prison officials had failed to protect him from a sexual assault. *Id.* at *1. There, as in *Perkins*, defendant–prison officials sought summary judgment under the PLRA because the inmate had not exhausted the Grievance Policy's three-step procedure. *Id.* And there, as in *Perkins*, the inmate responded that the sexual-abuse exception would have applied to a grievance detailing his claim. *Id.* at *3. But unlike in *Perkins*, the *Jablonski* court concluded from a version of the Sexual Abuse Policy that such a grievance reasonably *would* have fit the sexual-abuse exception and denied summary-judgment. *Id.* at *3–4.

After surveying these conflicting precedents, the R&R purports to examine the Sexual Abuse Policy and reaches the same conclusion as *Perkins*: that Eighth Amendment claims stemming from a Michigan prison official's failure to protect an inmate from a sexual assault do *not* fit the sexual-abuse exception to the Grievance Policy's three-step procedure. The R&R accordingly concludes that Brewer is entitled to summary judgment unless O'Brien genuinely disputes whether he exhausted his claim under the Grievance Policy's three-step procedure.

4

On that issue, the R&R states that an SMT staff member who reviewed an allegation by O'Brien that tracked his claim against Brewer might have wrongly concluded that the sexual-abuse exception applied to the allegation.  The R&R also opines that SMT staff might have excused O'Brien's failure to comply with the Grievance Policy's three-step procedure and reviewed an allegation by him detailing his claim against Brewer on the merits.  The R&R concludes that Brewer is not entitled to summary judgment because the record does not foreclose these counterfactual scenarios.

Brewer now objects to the R&R,[2] and the Court resolves his objections without a hearing.

### STANDARD OF REVIEW

This Court reviews a Magistrate Judge's recommendation on a summary-judgment motion de novo.  *See Roland v. Johnson*, 856 F.2d 764, 768–69 (6th Cir. 1988); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties genuinely dispute material facts "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 565 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In reviewing a summary-judgment motion, courts construe all facts and draw all reasonable inferences in the non-movant's favor.  *See id.*  And "[a] district court should grant summary judgment [under the PLRA] only if [the] defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust."  *Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019).

---

[2] O'Brien did not respond to Brewer's objections.

## ANALYSIS

As a preliminary matter, the Sexual Abuse Policy was not before the Court when briefing closed on Brewer's summary-judgment motion. And the Court cannot rely on the versions of the prison policies that *Perkins* and *Jablonski* examined because nothing in the record shows that those policies match the policies at issue here. Thus, the Court rejects the R&R's purported reliance on the Sexual Abuse Policy to shed light on whether the sexual-abuse exception would have applied to a grievance articulating O'Brien's claim against Brewer.

On this record, the parties genuinely dispute whether a grievance detailing O'Brien's claim would have fit the sexual-abuse exception. That exception applies to grievances "regarding sexual abuse," and the Grievance Policy does not define "regarding sexual abuse." A reasonable jury that construed the record in the light most favorable to O'Brien would accordingly conclude that a grievance alleging a failure by Brewer to protect O'Brien from a sexual assault at SMT regards sexual abuse. The same jury would accordingly conclude that O'Brien was not required to complete the Grievance Policy's three-step procedure to exhaust his claim against O'Brien under the PLRA.

It follows that Brewer must come forward with evidence showing that O'Brien otherwise failed to exhaust his claim to prevail on summary judgment. But the record contains no such evidence (nor does Brewer argue it does), so Brewer is not entitled to summary judgment.

As for Brewer's objections to the R&R, he raises three. *First*, he argues that the magistrate judge erroneously considered whether the sexual-abuse exception would have applied to a grievance detailing O'Brien's claim against him because O'Brien never raised that issue. This is a curious objection, given that the R&R resolves this issue in Brewer's favor. But the Court nonetheless overrules it.

6

"[A] party moving for summary judgment always bears the [initial] burden of demonstrating the absence of a genuine issue as to a material fact" and thus "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 454, 455 (6th Cir. 1991). Here, Brewer asserted that the PLRA cares about whether O'Brien followed the Grievance Policy's three-step procedure. To carry his initial burden under Rule 56 on this issue, Brewer had to come forward with evidence showing why no reasonable jury could disagree. Thus, the magistrate judge's (and this Court's) inquiry into whether the sexual-abuse exemption would have applied to a grievance detailing O'Brien's claim was merely a way of assessing whether Brewer carried that burden. And courts must ensure that a movant carries his initial burden under Rule 56 *sua sponte*, so Brewer's first objection fails.

*Second*, Brewer argues that the sexual-abuse exception would not have applied to a grievance detailing O'Brien's claim, and no reasonable jury would disagree. This objection is also curious because, as with Brewer's first objection, the R&R also resolves this issue in his favor. But Brewer's second objection is moot in any event because, for the reasons above, the Court concludes differently.

Brewer's arguments to the contrary are unpersuasive. Brewer points to a document that he attached to his brief detailing his objections to the R&R, and Brewer says this document is the relevant Sexual Assault Policy. But this document was not part of the record before the magistrate judge, so the Court declines to consider it here. Brewer also cites cases where this Court held that prisoner grievances detailing First Amendment retaliation claims against Michigan prison officials were subject to the Grievance Policy's three-step procedure. *Fortenberry v. Acker*, No. 20-cv-1202, 2022 WL 2760062 (W.D. Mich. June 13, 2022) (report

7

and recommendation), *adopted by* 2022 WL 2753546 (W.D. Mich. July 14, 2022); *Onumonu v. Mich. Dept' of Corr.*, No. 20-cv-816, 2022 WL 1597313 (W.D. Mich. May 20, 2022); *Johnson v. Gust*, No. 19-cv-682, 2021 WL 1092665 (W.D. Mich. Feb. 26, 2021) (report and recommendation), *adopted by* 2021 WL 1091549 (W.D. Mich. Mar. 22, 2021). Brewer concludes from these cases that the Grievance Policy only exempts grievances against fellow inmates from its three-step procedure. But these cases do not help Brewer because none of them examine the sexual-abuse exception.

*Third* and last, Brewer argues that O'Brien failed to exhaust his claim under the Grievance Policy, and the R&R erroneously concludes otherwise. Brewer may be right, but it does not matter. As discussed above, no reasonable jury would conclude that O'Brien's failure to follow the Grievance Policy's three-step procedure bars his claims under the PLRA. As such, Brewer's third objection is also moot.

## CONCLUSION & ORDER

The Court disagrees in part with the R&R's analysis but agrees with its conclusion. And the Court is not persuaded by Brewer's objections to the R&R. Accordingly, **IT IS ORDERED** that the R&R (ECF No. 22) is **REJECTED in part** and **ACCEPTED in part**. The R&R is **ADOPTED** to the extent that it comports with the Court's analysis here and recommends that the Court deny Brewer's summary-judgment motion and is **REJECTED** in all other respects.

**IT IS FURTHER ORDERED** that Brewer's objections to the R&R (ECF No. 26) are **OVERRULED** and his summary-judgment motion (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: June 3, 2025

9

I hereby certify that on June 3, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First-Class Mail.

s/Caitlin Shrum_____
Case Manager