UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVOR O'BRIEN,

    Plaintiff,

v.

SHAWN BREWER, *Warden*,

    Defendant.

Case No. 24-10541
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [36] AND
GRANTING MOTION TO DISMISS [32]**

---

Trevor O'Brien filed this *pro se* civil rights complaint alleging that Shawn Brewer, the warden of his prison, failed to protect him from being sexually assaulted by another inmate. (ECF No. 1.) Six months into the case, O'Brien's mail was returned as undeliverable. (ECF No. 13.) O'Brien updated his address (ECF No. 19) but continued to miss filing deadlines (*see, e.g.*, ECF No. 19). He then asked the Court for more time to secure legal representation or otherwise participate in the case, which the Court allowed. (ECF No. 20, PageID.83; Text-Only Order, December 19, 2024.) Still, O'Brien missed all subsequent filing deadlines.

On January 7, 2026, over a year since O'Brien's last appearance in the case, Defendant Brewer filed a motion to dismiss for O'Brien's failure to prosecute. (ECF No. 32.) The order requiring O'Brien to respond was, as with prior orders, returned as undeliverable. (ECF Nos. 33, 34.) Magistrate Judge Patricia T. Morris, to whom the case was referred for all pretrial proceedings, then ordered O'Brien to show cause

why this case should not be dismissed. (ECF No. 35.) Receiving no response, Judge Morris filed a report recommending that this Court dismiss the case without prejudice for O'Brien's failure to prosecute. (ECF No. 36.) With no objections filed, the Court now ADOPTS the Report and Recommendation (ECF No. 36) and dismisses the case. In so doing, the Court grants Brewer's motion to dismiss (ECF No. 32.)

## I.

At the conclusion of her Report and Recommendation, Judge Morris notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 36, PageID.240.)

Since O'Brien was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). O'Brien no longer appears to be housed in the Michigan Department of Corrections, *see Offender Tracking Info. Sys., Mich. Dep't of Corr., https://perma.cc/S6DN-LR6J*, so it is unclear whether the prison mailbox rule would apply to this case. But even if it did, and any objections were considered delivered when handed to prison authorities for mailing, that makes no difference because O'Brien did not file any objections. In all, waiting the 17-day objection period, and allowing some time for the Court to receive objections that O'Brien may have mailed, it has now been over two months since the Report and Recommendation was served. No objections have been filed.

It is O'Brien's responsibility to update the Court with his current address. *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."); E.D. Mich. LR 11.2. On March 5, 2024, the Court issued a notice advising O'Brien of his responsibility to notify the Court of any change of address, and warning that failure to do so "may result in dismissal of [his] case." (ECF No. 4, PageID.19.) And O'Brien knew how to update his address because he did it once before in this litigation. (ECF No. 15.)

Accordingly, the Court finds O'Brien's failure to object is a procedural default that waives review of Judge Morris' findings by this Court. The Sixth Circuit has established that "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has further held that this procedural default rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

**II.**

The Court therefore finds that the parties have waived further review of Judge Morris' Report and Recommendation and accepts the recommended disposition. (ECF No. 36.) Thus, the case is DISMISSED. It follows that Brewer's motion to dismiss (ECF No. 32) is GRANTED.

SO ORDERED.

Dated: June 22, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE